Howe, J.
The relator avers that on the 21st September, 1868, the, Judge of the Sixth Judicial District Court, Parish of St. Tammany, rendered judgment against him in proceedings instituted by the State on the relation of Timothy Doherty, ordering a peremptory mandamus to issue directing and commanding him to deliver forthwith to said, Timothy Doherty the office, books, papers, etc., of the sheriff of St, Tammany; that within the prosier time he applied to the Judge for a *530 suspensive appeal, which was refused, but a devoluiive appeal was granted.
He therefore applies to this Court for a mandamus to compel the Judge to grant a suspensive appeal.
The answer of the Judge recites the proceedings in the case of the State, ex rel, Doherty v. Ingram, and the reasons for which he refused a suspensive appeal.
The merits of the controversy, in regard to the office of sheriff, are not involved in the matter now before us. Our enquiry is, not whether the judgment is erroneous, but whether the relator, Ingram, is entitled tó a suspensive appeal. In the language of Mr. Justice Slidell, in ex parte Emanuel, 4 An. 424, “ until the judgment is before us we cannot pronounce it right or wrong.”
The right of an appeal in this case is conceded by the respondent, yet he claims that it ought not to be suspensive. He cites the case of ex parte Emanuel, alluded to above, as authority, and presents also an able argument in favor of his position, drawn from considerations of public policy. He also enquires to whom an appeal bond should be payable, and how it could be collected.
The writ of mandamus belongs to the class of orders described in chapter 10, of the 2d part of the Code of Practice. The right of appeal from such orders, when final, has been repeatedly z-eeognized by the Supreme Court, whenever the amount involved has been sufficient to give the Court jurisdiction. See 6 M. 570; 8 N. S. 313; lLa. 421; 2 E. 496; 8 R. 5; 6 An. 38.
And, although in ex parte Emanuel, the Court refused a mandamus to compel the granting of a suspensive appeal from an order discharging, by habeas corpus, an insolvent debtor, yet the Court was equally divided on the point, and the decision of the court below, refusing a suspensive appeal, was affirmed only in virtue of the constitutional provision then in force. Constitution of 1845, Art. 68. We cannot regard this oase as binding in the matter now before us, inasmuoh as, firstly, the Court was equally divided; and, secondly, the case being one involving a question of personal liberty might well have presented considerations which do not urge themselves in the suit at bar.
The objection raised by the respondent, as to the appeal bond, and the impossibility of determining to whom it should be payable, or by whom it should be collected, applies with equal force to a devolutive appeal, which requires a bond also payable to a proper appellee, though in a smaller amount. Yet the respondent admits, and we think it well settled by decision, that a devolutive appeal will lie, and we are of opinion that a bond for a suspensive appeal could be readily framed, payable to the appellee, Doherty, in such amount as the Court below should determine.
We find therefore, that the right to some sort of appeal, in a case like the present, exists, and we cannot discover any provision of law which prevents such appeal from being taken in the suspensive form. A careful examination of Art. 564, 565, 575 and 580 of the Code of Practice, shows that the right to a suspensive appeal is the rule, and that it stays proceedings, except in cases specially excepted.
It is true, as urged by respondent, that inconveniences may result from *531 such stay of proceedings. The “law’s delay ” is generally inconvenient for a plaintiif. But we think the inconveniences of the opposite course would be still greater.
It is therfore ordered, adjudged and decreed that a peremptory mandamus issue herein as prayed for, and according to law, directing the Judge of the Sixth Judicial District Court of Louisiana to grant a suspensive appeal to this Court, in the case of the State ex rel. Timothy Doherty v. George Ingram, with costs.